1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8   RICHARD ROY SCOTT,

9                           Petitioner,                    CASE NO. C18-124 JLR-BAT

10         v.                                              **REPORT AND**
                                                           **RECOMMENDATION**
11   SJAN TALBOT,

12                           Respondent.

13          In this 28 U.S.C. § 2254 habeas petition, petitioner Richard Roy Scott contends that the

14   annual review provisions in RCW 71.09.090, which limit the grant of a release trial to Sexually

15   Violent Predators ("SVPs") who show a change in their condition resulting only from sex

16   offender specific treatment, violate constitutional due process. Dkts. 1, 15. Mr. Scott refused,

17   however, to avail himself of the procedures he challenges, arguing instead that he should be

18   immediately released because the Washington Supreme Court should not have affirmed the

19   constitutionality of the 2005 revisions to RCW 71.09.090 in *State v. McCuistion*, 275 P.3d 1092

20   (Wash. 2012), *cert. denied*, 568 U.S. 1196 (2013).[1] The Court recommends **DENYING** Mr.

21   Scott's habeas petition and **DISMISSING** the case with prejudice because the Washington State

22

23   _____

[1] In *McCuistion*, the Washington Supreme Court concluded that the 2005 amendments to the
SVP statute contained in RCW 71.09.090 do not violate substantive or procedural due process.
275 P.2d 1092.

REPORT AND RECOMMENDATION - 1

1  Supreme Court Commissioner's decision that declined discretionary review of his challenge to

2  *McCuistion* and the RCW 71.09.090 process he did not avail himself of was neither contrary to,

3  nor involved an unreasonable application of, clearly established Supreme Court precedent. 28

4  U.S.C. § 2254(d)(1).[2] The Court also recommends **DENYING** the issuance of a certificate of

5  appealability.

## PROCEDURAL BACKGROUND

7        In November 2007, Mr. Scott stipulated that he was a SVP as defined in RCW 71.09 and

8  was committed to the Special Commitment Center ("SCC"), subject to annual review about

9  whether he continues to meet the statutory commitment criteria. Dkt. 12-1, at 1–9; Dkt. 12-2, at

10  3–4; *see* RCW 71.09.070 (annual examinations of persons committed under RCW 71.09). On

11  July 15, 2015, Mr. Scott waived his right to a pending 2014 annual show-cause hearing. Dkt. 12-

12  2, at 4. On July 27, 2015, however, Mr. Scott filed a *pro se* motion for his unconditional

13  release—not a release hearing—separate and apart from the show-cause process of RCW

14  71.09.090, attaching documents that included a report by Dr. Christopher Fisher, Psy.D. *See* Dkt.

15  17, at 1–16. In the report, Dr. Fisher stated that Mr. Scott had so changed through treatment and

16  other factors that he no longer met the criteria of a SVP as defined in RCW 71.09. Dkt. 17, at 2.

17  The trial court denied Mr. Scott's motion for immediate and unconditional release but reserved

18  judgment on whether the materials submitted could result in a less restrictive alternative

19  placement or other hearing at the next annual review. Dkt. 12-2, at 5. Mr. Scott then filed a

20  notice for discretionary review. *Id.* Meanwhile, in November 2015, Mr. Scott waived his right to

21  a 2015 annual show-cause hearing. *Id.*

22

23  [2] Mr. Scott raises a purely legal challenge and does not argue that the state supreme court's
decision was based on an unreasonable determination of the facts in light of the evidence
presented. 28 U.S.C. § 2254(d)(2).

1    The Washington Court of Appeals Commissioner declined to exercise discretionary

2  review over Mr. Scott's appeal and declined to address the constitutionality of RCW 71.09.090.

3  Dkt. 12-2. The Commissioner noted that Mr. Scott raised for the first time on appeal that RCW

4  71.09.090 was unconstitutional and that the dissenters, not the majority, in *McCuistion* were

5  correct. The Commissioner further noted that Mr. Scott's position before the Court of Appeals

6  was inconsistent with his position before the trial court in which he sought immediate and

7  unconditional release and waived his right to seek a release trial through a show-cause hearing

8  under RCW 71.09.090. The Washington Court of Appeals Commissioner therefore constrained

9  the ruling to finding that Mr. Scott had not demonstrated probable error in the trial court's

10  decision to deny outright unconditional release. Dkt. 12-2, at 8. Mr. Scott then sought

11  discretionary review from the Washington Supreme Court.

12    In June 2017, the Washington Supreme Court Commissioner also denied discretionary

13  review but did so in broader terms. Dkt. 12-3. The Washington Supreme Court Commissioner

14  found that Mr. Scott failed to demonstrate (1) *McCuistion* should be overruled or that RCW

15  71.09.090 cannot be constitutionally applied to him; and (2) a right to an unconditional release

16  trial outside of the statutory structure of RCW 71.09.090. In sum, the Commissioner noted that

17  "Mr. Scott does not demonstrate the inadequacy of the statutory scheme by simply presenting his

18  own expert's report on disputed issues and asserting a right to unconditional release." Dkt. 12-3,

19  at 6. The Washington Supreme Court summarily denied Mr. Scott's motion to modify the

20  Commissioner's ruling. Dkt. 12-4. Mr. Scott then filed the current 28 U.S.C. § 2254 habeas

21  petition.

22    This Court appointed the Federal Public Defender as Mr. Scott's counsel and permitted

23  amendment of the petition to substitute the proper respondent. Dkts. 4, 16. The sole issue

1  presented is whether the Washington Supreme Court Commissioner's decision was contrary to

2  clearly established federal law under *Foucha v. Louisiana*, 504 U.S. 71 (1992). *See* Dkt. 1, at 2;

3  Dkt. 15, at 5–9.

## DISCUSSION

5      Although Mr. Scott presents his action as a facial constitutional challenge to the 2005

6  revisions to RCW 71.09.090 and to the state supreme court decision in *McCuistion*, for habeas

7  purposes his claim is limited to the question of whether the Washington Supreme Court violated

8  constitutional due process according to *Foucha* by declining to review Mr. Scott's attempt to

9  circumvent the review procedures of RCW 71.09.090 so that he could receive either immediate

10  release from custody or extraordinary, ad hoc release procedures. The Court finds that the

11  Washington Supreme Court's decision was neither contrary to, nor an unreasonable application

12  of, *Foucha*.

13      In *Foucha*, the Supreme Court held that a Louisiana statute that allowed continued

14  confinement of an insanity acquittee on the basis of his antisocial personality, after the hospital

15  review committee had reported no evidence of mental illness and recommended conditional

16  discharge, violated due process. 504 U.S. 71. In doing so, the Court reiterated that constitutional

17  due process requires that "the acquittee may be held as long as he is both mentally ill and

18  dangerous, but no longer." *Id.* at 77. Because it was undisputed that Mr. Foucha was *not*

19  mentally ill, the basis for holding him in a psychiatric facility as an insanity acquittee had

20  disappeared and Louisiana was no longer entitled to hold him on that basis. *Id.* at 78.

21      The circumstances in *Foucha* differ markedly from those presented here. The *Foucha*

22  Court held that Mr. Foucha was being held against his will in a mental institution absent a

23  determination in civil commitment proceedings of current mental illness and dangerousness.

REPORT AND RECOMMENDATION - 4

That is, the superintendent of the facility recommended that Mr. Foucha be discharged or released, a three-member panel was convened that determined there was no evidence of mental illness and recommended conditional discharge, and yet the trial court continued Mr. Foucha's detention although no one testified that he continued to be dangerous and there was no indication of mental illness. *Id.* at 74–75. In contrast, Mr. Scott stipulated to his confinement as a SVP, i.e., that he was both mentally ill and dangerous, and then refused to participate in a process that could have demonstrated otherwise, instead presenting a favorable expert report and demanding unconditional release without reference to or allowance for contradictory evidence. *See* RCW 71.09.010 (findings); RCW 71.09.070 (annual examinations); RCW 71.09.090 (petition for conditional release or unconditional discharge).

In *Foucha*, Mr. Foucha was denied procedural due process because Louisiana failed to provide constitutionally adequate procedures to establish the grounds for continued confinement and was denied substantive due process because it was constitutionally improper to punish someone who had been acquitted rather than convicted. *Id.* at 79–80. In contrast, Mr. Scott acknowledges that he is currently committed at the SCC based on his stipulation to being a SVP but refuses to participate in procedures set forth in RCW 71.09.090 that were affirmed as constitutionally adequate by the Washington Supreme Court in *McCuistion*. In *Foucha*, the Louisiana statue at-issue did not require the State to prove anything to justify continued detention and placed the burden on the detainee to prove that he was not dangerous. *Foucha*, 504 U.S. at 81–82. In contrast, as noted in *McCuistion*, the Washington SVP statutory scheme requires the State to prove beyond a reasonable doubt that the SVP is mentally ill and dangerous at the initial commitment hearing and that the State justify continued incarceration through an annual review. *McCuistion*, 275 P.3d at 1102; *see* RCW 71.09.060 (commitment procedures before court or

1    jury); RCW 71.09.070 (requiring annual mental examination to determine whether the

2    committed person currently meets the definition of a SVP with a report of the findings sent to the

3    committing court); *see, e.g.*, *Jones v. United States*, 463 U.S. 354, 358 (1984) (holding that

4    "[p]eriodic review of the patient's suitability for release" is required to render commitment

5    constitutional). If an individual no longer meets the definition of a SVP, "the secretary shall

6    authorize the person to petition the court for conditional release" or "unconditional discharge"

7    and the court "shall within forty-five days order a hearing." RCW 71.09.090(1). Alternatively, if

8    the Department of Social and Health Services does not authorize such a petition, the court *must*

9    set a show-cause hearing unless the individual affirmatively waives the right to petition for

10   unconditional discharge or conditional release to a less restrictive alternative (as Mr. Scott did

11   here). RCW 71.09.09(2)(a). At the show-cause hearing, the State bears the burden to present

12   prima facie evidence that the individual continues to meet the definition of a SVP and that

13   conditional release to a less restrictive alternative would be inappropriate. RCW

14   71.09.09(2)(b)(i). The Court must order an evidentiary hearing if the State fails to meet its

15   burden or, alternatively, the individual establishes probable cause to believe his "condition has so

16   changed" that he no longer meets the definition of a SVP or that conditional release to a less

17   restrictive alternative would be appropriate. RCW 71.09.09(2)(c). In 2005, the Washington

18   legislature amended RCW 71.09.090 to limit the means by which a committed person may show

19   he has "so changed" to where he has had (1) "[a]n identified physiological change" making him

20   "unable to commit a sexually violent act and this change is permanent," or (2) "[a] change in the

21   person's mental condition brought about through positive response to continuing participation in

22   treatment." RCW 71.09.090(4)(b).

23

REPORT AND RECOMMENDATION - 6

It is the 2005 amendments to RCW 71.09.090, and *McCuistion*'s subsequent holding that these amendments satisfy due process, that Mr. Scott attempts to attack here. According to Mr. Scott, the 2005 amendments to RCW 71.09.090 are facially invalid because they necessarily preclude him from being released based upon other kinds of evidence, e.g., presentation of Dr. Fisher's report that Mr. Scott's condition has "so changed" based on his advanced age and counseling with a Christian Science practitioner such that he no longer meets the definition of a SVP. Dkt. 17, at 1–16. On an abstract, legal level, Mr. Scott's position was well-articulated by the dissent in *McCuistion*, which argued that the 2005 amendments violated substantive due process by impermissibly truncating a court's consideration of relevant evidence at a show-cause hearing. 275 P.2d at 1107–1112. On habeas review, however, this Court's duty is not to review *de novo* the SVP statutory scheme or the state supreme court decision in *McCuistion*; rather, the federal court considers only whether the Washington Supreme Court Commissioner's decision not to exercise discretionary review over Mr. Scott's motion to circumvent the established review procedures was contrary to, or an unreasonable application of, clearly established federal law embodied in *Foucha*. *Foucha* does not support the position that RCW 71.09.090 and *McCuistion* violate procedural or substantive due process when a civil detainee refuses to seek relief through periodic review procedures and instead seeks immediate release or a self-defined mechanism for review based solely on his own favorable evidence without affording the State an opportunity to present contrary evidence or rebuttal.[3]

---

[3] Put more simply, a federal habeas court cannot invalidate state statutes and case law based entirely on a petitioner's favorable evidence presented without rebuttal outside of the established review procedures. Mr. Scott has failed to demonstrate that the State violated his constitutional rights; he argues only that he there is a possibility in the abstract that his rights *could* be violated were he to submit to the established statutory scheme. But the Court reviews only what actually happened: did the state supreme court violate clearly established federal law by disallowing his attempt to circumvent the SVP release process?

1    The Washington Supreme Court Commissioner declined discretionary review because

2    Mr. Scott failed to demonstrate (1) *McCuistion* should be overruled or that RCW 71.09.090

3    cannot be constitutionally applied to him; and (2) a right to an unconditional release trial outside

4    of the statutory structure of RCW 71.09.090. It was neither contrary to, nor an unreasonable

5    application of, the Supreme Court case *Foucha* for the Washington Supreme Court to deny

6    discretionary review to an applicant who sought extraordinary relief outside of a process

7    expressly held to be constitutional by the state supreme court in *McCuistion*.[4]

8                        **CERTIFICATE OF APPEALABILITY**

9    A prisoner seeking post-conviction relief under § 2254 may appeal a district court's

10   dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district

11   or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing

12   of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this

13   standard "by demonstrating that jurists of reason could disagree with the district court's

14   resolution of his constitutional claims or that jurists could conclude the issues presented are

15   _____

16   [4] The Court rejects respondent's argument that Mr. Scott lacks standing to bring this habeas
     action that indirectly attacks RCW 71.09.090. Dkt. 12, at 8–9. Mr. Scott (1) suffered an injury in
17   fact from the denial of his motion for extraordinary relief, (2) there was a causal relationship
     between his continued confinement and the state-court's denial of extraordinary relief, and
18   (3) had the Court found a constitutional violation, his injury could have been favorably
     redressed. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Similarly, the Court
19   rejects respondent's argument that Mr. Scott has failed to exhaust administrative remedies
     because his constitutional claim was never presented to the trial court. Dkt. 12, at 5–6. The
20   Washington Supreme Court ruled on the merits of Mr. Scott's due process claim and it therefore
     was properly exhausted. *See Chambers v. McDaniel*, 549 F.3d 1191 (9th Cir. 2008) (holding that
21   federal claims made to Nevada Supreme Court in original petition and rejected "on the merits"
     were exhausted even though the claim was never presented to the state trial court). The fatal flaw
22   for Mr. Scott's habeas action is entirely substantive: he cannot demonstrate how the state
     supreme court decision was contrary to, or an unreasonable application of, United States
23   Supreme Court precedent. On habeas review, the Court examines whether the Washington
     Supreme Court violated *Foucha* by declining extraordinary relief—not whether the majority or
     the dissent was correct in the state-court case of *McCuistion*.

REPORT AND RECOMMENDATION - 8

adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would disagree that Mr. Scott has failed to demonstrate that it was a violation of Supreme Court precedent for the state supreme court to deny discretionary review of a motion for extraordinary relief outside of the established process based on the position that the dissent in *State v. McCuistion* was correct and the 2005 amendments to RCW 71.09.090 are facially invalid. Similarly, no jurist could conclude that Mr. Scott should be encouraged to proceed further with his argument that he should be able to circumvent established procedures for release based entirely on the supposition they cannot be applied fairly to him. Mr. Scott should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **July 5, 2018.** The Clerk should note the matter for **July 6, 2018**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed **12 pages**. The failure to timely object may affect the right to appeal.

///

REPORT AND RECOMMENDATION - 9

DATED this 13th day of June, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge